STATE FARM FIRE & CASUALTY COMPANY,
Plaintiff-Respondent,

v.

EASY PC SOLUTIONS, LLC, Wilder Chiropractic,
Inc. and WRT Specialists, Inc.,
Defendants-Appellants.

Court of Appeals

*No. 2014AP2657. Submitted on briefs September 22,
2015.—Decided December 9, 2015.*

2016 WI App 9

(Also reported in 874 N.W.2d 585.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Charles H. Barr* of *Charles H. Barr Attorney at Law*, Bayside.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Mark D. Malloy* of *Meissner Tierney Fisher & Nicholas, S.C.*, Milwaukee.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶ 1. REILLY, P.J. Wilder Chiropractic, Inc., filed a class-action lawsuit alleging Easy PC Solutions, LLC, violated the Telephone Consumer Protection Act (TCPA) and committed conversion by transmitting unsolicited facsimiles on three separate dates in September and October 2010. Easy PC tendered its defense to State Farm Fire & Casualty Company, which refused to provide a defense. Easy PC settled the lawsuit with Wilder, to whom it assigned its rights to recover from State Farm.

¶ 2. State Farm subsequently brought this declaratory judgment action, in which the circuit court found that State Farm had no duty to defend Easy PC against Wilder's claims. On appeal, Wilder argues the court erred in relying on a 2010–11 insurance policy and in finding that the policy excluded coverage. We disagree and affirm. The class-action complaint alleged injuries that occurred on three dates in September and October 2010, during which State Farm's policy with Easy PC excluded coverage for TCPA and TCPA-related claims, and therefore State Farm had no duty to defend Easy PC against Wilder's lawsuit.

¶ 3. An insurer has a duty "to defend its insured against a lawsuit if the complaint 'alleges facts which, if proven, would give rise to liability covered under the terms and conditions of the policy.' " *Professional Office Bldgs., Inc. v. Royal Indem. Co.*, 145 Wis. 2d 573, 580, 427 N.W.2d 427 (Ct. App. 1988). In determining whether an insurer has a duty to defend, we look to the complaint without looking at extrinsic evidence. *Sawyer v. West Bend Mut. Ins. Co.*, 2012 WI App 92, ¶ 10,

343 Wis. 2d 714, 821 N.W.2d 250. While we resolve any doubts in favor of the insured, *Liebovich v. Minnesota Ins. Co.*, 2007 WI App 28, ¶ 3, 299 Wis. 2d 331, 728 N.W.2d 357, we will not supply facts to find a duty to defend, *see Midway Motor Lodge v. Hartford Ins. Grp.*, 226 Wis. 2d 23, 35, 593 N.W.2d 852 (Ct. App. 1999). We review de novo the circuit court's summary judgment decision that State Farm did not have a duty to defend. *See Estate of Sustache v. American Family Mut. Ins. Co.*, 2008 WI 87, ¶¶ 17–18, 311 Wis. 2d 548, 751 N.W.2d 845.

■

¶ 4. Wilder contends that the circuit court erred in finding that coverage was precluded in the 2010–11 policy by an exclusion for claims arising out of actions alleged to constitute TCPA violations. We disagree. Even if the complaint gave rise to an initial grant of coverage for "advertising injury" or "property damage" under the 2010–11 policy, that policy's exclusion for actions arising out of an alleged TCPA violation would ultimately preclude coverage.

¶ 5. The TCPA exclusion provides that State Farm will not insure against "bodily injury, property damage, personal injury, or advertising injury arising directly or indirectly out of any action or omission that violates or is alleged to violate . . . [t]he Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law . . . ." For both its TCPA and its conversion claims, Wilder's complaint alleged that (1) Easy PC transmitted three unsolicited faxes to Wilder on September 30, 2010, October 11, 2010, and October 18, 2010; (2) Easy PC transmitted "the same or similar" faxes to Wilder and at least 199 other recipients without their express permission or invitation; (3) Wilder and other class members could

not avoid receiving the "illegal faxes"; and (4) Easy PC's faxes did not display a proper opt-out notice. The only facts further alleged to support the conversion claim were that the faxes "effectively stole" the time of Wilder employees who were involved in receiving, routing, and reviewing the "illegal faxes" and that Easy PC's actions caused damages to Wilder and other members of the class through the loss of paper and toner.

¶ 6. To get around this exclusion, Wilder first argues that the exclusion does not apply to conversion claims as such claims involve different elements than TCPA violations and thus they do not "aris[e] . . . out of any action or omission that violates or is alleged to violate" the TCPA. Wilder is wrong. All of the actions that Wilder's complaint alleges Easy PC took that give rise to the conversion claim are the same actions alleged to give rise to the TCPA violation. It matters not that, as Wilder argues, the conversion claim "is premised on the actual damage to the class caused by its receipt of Easy PC's faxes" and "[t]o plead and prevail on the conversion count, it is necessary for class members to have received messages and to have suffered some loss as a result." The exclusion is directed at Easy PC's actions, not the effect of its actions. As all of the actions that Easy PC was alleged to have taken in violation of the TCPA were the same actions alleged in support of the conversion claim, coverage for any claims arising from those actions were specifically excluded by the 2010–11 policy. Accordingly, the court did not err in finding that the facts alleged in the class-action complaint did not give rise to liability under the 2010–11 policy and that State Farm did not owe Easy PC a duty to defend.

¶ 7. Wilder next argues that even if coverage is unavailable under the 2010–11 policy, the complaint stated claims that potentially implicated earlier policies without the TCPA exclusion. Again, we disagree. Although Wilder filed the action on behalf of a class of persons who received faxes from Easy PC four years and six years prior to the commencement of its class-action lawsuit, nowhere in the complaint is it actually alleged that Easy PC transmitted any faxes on dates other than on three specific days in September and October 2010. Even if the circuit court had certified the class requested by Wilder, State Farm would not have had to cover any injury alleged in the complaint as all of those injuries occurred during the 2010–11 policy period.

■

¶ 8. We do not require an insurer to speculate beyond the written words of the complaint in order to imagine a claim that a plaintiff might be making or to determine all the potential issues that could be sought when the insurer is evaluating its duty to defend. *See Midway Motor Lodge*, 226 Wis. 2d at 36. Although Wilder's complaint alleges that Easy PC transmitted "the same or similar" unsolicited faxes to Wilder and at least 199 other recipients, it does not allege that this occurred at any time outside of three dates in September and October 2010. While Wisconsin is a notice-pleading state where complaints are to be liberally interpreted, a complaint cannot rely on discovery to provide requisite factual support. *Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶¶ 35–36, 284 Wis. 2d 307, 700 N.W.2d 180. Wilder's potential representation of an expansive class of similarly situated claimants is

insufficient to trigger a duty to defend for any policy period untethered to a factual allegation in the complaint.[1]

*By the Court.*—Order affirmed.

¶ 9. NEUBAUER, C.J. (concurring). I agree with the majority's analysis of coverage under the 2010–11 policy. As the majority notes, Wilder further contends the allegations of the complaint in the underlying action entitled Easy PC to a defense under earlier State Farm policies without the TCPA exclusion. Wilder claims entitlement to enforce a breach of the duty to defend Easy PC under these earlier policies pursuant to an assignment of Easy PC's claims. I would affirm without reaching the scope of the assignment or an analysis of the duty to defend based on the allegations of the complaint, as both are unnecessary.

---

[1] Wilder cites to an unpublished per curiam decision, *Pamperin Rentals II, LLC v. R.G. Hendricks & Sons Constr., Inc.*, No. 2011AP214, unpublished slip op. ¶¶ 34–35 (WI App Sept. 5, 2012), in violation of WIS. STAT. RULE 809.23(3) (2013–14), for the proposition that "silence in a complaint regarding the timing of an injury requires a defense under all policies that might cover any time period in which a claim potentially accrued." We disagree with this interpretation of that case. Rather, *Pamperin Rentals* found that despite the ultimate silence as to when the damage occurred, there were multiple factual allegations in the complaint that indicated the damage could have occurred during the policy period, and therefore the insurer was not entitled to declaratory judgment. *Id.* In contrast, the only factual allegations in Wilder's complaint that point to the timing of an injury implicate only the September to October 2010 period.

Counsel for Wilder has previously been put on notice for misconduct. *See Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). Counsel is so noticed again.

¶ 10. Wilder failed to establish a preliminary and fundamental factual matter—there is no allegation, or any evidence, that Easy PC ever requested a defense under the earlier State Farm policies. The only document provided by Wilder is State Farm's denial letter, which references a phone conversation between Reise of WRT, Easy PC's parent, and a claim representative. The denial letter addresses "the deliberate faxing of advertising materials for a seminar to be held on October 21, 2010." State Farm's policy is listed, but not any policy year. The "Date of Loss" is September 30, 2010. In hindsight, we know that the certified class was defined as all persons to whom Easy PC sent advertising facsimiles between September 15, 2010, and October 30, 2010. Thus, it appears that Easy PC had no factual basis to pursue coverage under the earlier policies when it put State Farm on notice. In any event, because there is no evidence that Easy PC requested and was denied coverage under policies earlier than the 2010–11 policy, Wilder's claim for breach of the duty to defend is without support and summary judgment in favor of State Farm was appropriately granted.